IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| QUINTEZ TALLEY | : | CIVIL ACTION |
|---|---|---|
| v. | : | |
| CO IONATA, CO ROBERTSON, CO COSTANZO, CO HARROR, SGT. BROWN, LT TAYLOR, J. YODIS, JOHN WETZEL, PA DEPARTMENT OF CORRECTIONIS, UNKNOWN CORRECTIONAL OFFICERS, CHIEF SAFETY AND ENVIRONMENTAL PROTECTION DIVISION and SCI GRATERFORD'S (CISM) CORRECTIONS INSTITUTIONAL SAFETY MANAGER | : | NO. 19-1723 |

## MEMORANDUM

**Savage, J.**                                                                           September 5, 2019

      Talley, a prisoner incarcerated at SCI Fayette, raises claims pursuant to 42 U.S.C. § 1983, Title II of the Americans with Disabilities Act ("ADA"), and the Rehabilitation Act ("RA") against the Pennsylvania Department of Corrections and numerous prison officials based on events that occurred in 2017 at SCI Graterford. In a May 29, 2019 Order, we dismissed the following claims: (1) the § 1983 claims raised against the Pennsylvania Department of Corrections or the individual defendants in their official capacities; (2) the ADA claim against the individual defendants; and (3) the RA claims against the individual defendants. (Doc. No. 5.) We directed service of the Complaint so plaintiff could proceed on his remaining claims. *Id.* Talley seeks reconsideration of the May 29, 2019 Order.

      A party may move for reconsideration "to correct manifest errors of law or fact or to present newly discovered evidence." *Schumann v. Astrazeneca Pharm., L.P.*, 769 F.3d

837, 848 (3d Cir. 2014) (citation omitted). Under Federal Rule of Civil Procedure 59(e), a judgment may be altered or amended only where: (1) there has been an intervening change in controlling law; (2) new evidence has become available; or (3) there is a need to correct a clear error of law or fact, or to prevent manifest injustice. *Id.* at 848–49 (citation omitted); *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011) (citation omitted); *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). The decision to alter or amend a judgment is generally discretionary. *See* 12-59 James Wm. Moore, Moore's Federal Practice § 59.30 (2018) ("Courts have considerable discretion in determining whether to grant or deny a motion to alter or amend[.]"); *see also Creghan v. Procura Mgmt., Inc.*, Civ. A. No. 14-1847, 2014 WL 12605481, at *1 (E.D. Pa. Nov. 19, 2014) (citing *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)).

We did not clearly err in dismissing the § 1983 claims against the DOC and the individual defendants in their official capacities. *See, e.g.*, *Kokinda v. Pennsylvania Dep't of Corr.*, No. 17-3165, 2019 WL 2577750, at *2 (3d Cir. June 24, 2019) ("Even with such liberal construction, we agree with the District Court's summary disposition of Kokinda's claimed violations of §§ 1983, 1985(3), and 1986 against the DOC and the individual Commonwealth defendants sued in their official capacities because those claims are barred by the Eleventh Amendment."). Although any § 1983 official capacity claims for prospective declaratory or injunctive relief would not be barred, those claims are moot because Talley is no longer incarcerated at SCI Graterford which is no longer operational. *Kentucky v. Graham*, 473 U.S. 159, 167 (1985) (explaining that "official-

capacity actions for prospective relief are not treated as actions against the State"); *Sutton v. Rasheed*, 323 F.3d 236, 248 (3d Cir. 2003) ("An inmate's transfer from the facility complained of generally moots the equitable and declaratory claims.").

Nor did we clearly err in dismissing any claims against the individual defendants for damages liability under Title II of the ADA and the RA. *See Kokinda*, 2019 WL 2577750, at *2 ("Kokinda's claims for individual damages liability under Title II of the ADA fail for the simple reason that there is no such liability."); *Matthews v. Pennsylvania Dep't of Corr.*, 613 F. App'x 163, 170 (3d Cir. 2015) ("[W]e agree with the Courts of Appeals for the Second and Eighth Circuits that Title II of the ADA does not provide for suits against state officers in their individual capacities."); *Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002) ("Because the individual defendants do not receive federal aid, [plaintiff] does not state a claim against them under the Rehabilitation Act."). Although Talley is correct that he may plead official capacity claims against individual defendants under the ADA and RA, any such claims would be duplicative of those brought against the Pennsylvania Department of Corrections. Accordingly, he is not entitled to reinstate those duplicative claims. *See Stanek v. St. Charles Cmty. Unit Sch. Dist. No. 303*, 783 F.3d 634, 644 (7th Cir. 2015) ("The district court correctly dismissed these defendants in their official capacity because the Staneks also sued the District."); *Love-Lane v. Martin*, 355 F.3d 766, 783 (4th Cir. 2004) ("The district court correctly held that the § 1983 claim against Martin in his official capacity as Superintendent is essentially a claim against the Board and thus should be dismissed as duplicative."); *see also Kentucky*, 473 U.S. at 166 ("As long as the government entity receives notice and an

opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.").

For these reasons, Talley's request for reconsideration is denied.

/s/ TIMOTHY J. SAVAGE J.