IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **QUINTEZ TALLEY** : | CIVIL ACTION |
| : | |
| v. : | |
| : | |
| **CO IONATA, CO ROBERTSON, CO** : | |
| **COSTANZO, CO HARROR, SGT.** : | |
| **BROWN, LT TAYLOR, J. YODIS, JOHN** : | |
| **WETZEL, PA DEPARTMENT OF** : | |
| **CORRECTIONIS, UNKNOWN** : | |
| **CORRECTIONAL OFFICERS, CHIEF** : | |
| **SAFETY AND ENVIRONMENTAL** : | |
| **PROTECTION DIVISION and SCI** : | |
| **GRATERFORD'S (CISM) CORRECTIONS** : | |
| **INSTITUTIONAL SAFETY MANAGER** : | NO. 19-1723 |

## MEMORANDUM OPINION

**Savage, J.**                                                                                           **July 22, 2020**

Pursuant to Federal Rule of Civil Procedure 59(e), plaintiff Quintez Talley, moves to alter or amend the February 19, 2020 order dismissing his complaint.[1] He contends that we analyzed his Americans with Disabilities Act (ADA) and Rehabilitation Act (RA) claims without reference to the "qualified individual with a disability" definition set forth in 42 U.S.C. § 12131(2).[2] He also argues that we should have given him leave to file an amended complaint.[3]

### Standard of Review

A party may move to alter or amend a judgment pursuant to Rule 59(e) on any of three grounds: (1) an intervening change in the law; (2) the availability of new evidence;

---

[1] Feb. 19, 2020 Order (ECF No. 32).

[2] Pl.'s Brief in Supp. of Mot. to Alter or Amend J. at 1-4 (ECF No. 39).

[3] *Id.* at 1.

1

or (3) the need to correct a clear error of law or fact, or to prevent manifest injustice. *Schumann v. Astrazeneca Pharm., L.P.*, 769 F.3d 837, 848 (3d Cir. 2014) (citation omitted); *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011) (citation omitted).

A motion for reconsideration may not be used to relitigate the case. *Blystone*, 664 F.3d at 415. A motion for reconsideration is limited to those grounds enumerated in Rule 59(e). *Id.* (internal citations omitted). As a rule, a court "should be loathe" to revisit its prior decision absent "extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice*." Christianson v. Cold Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (citing *Arizona v. California*, 460 U.S. 605, 618 n.8 (1983)). *See also Pub. Interest Rsch. Grp. v. Magnesium Elektron, Inc.*, 123 F.3d 111, 116-17 (3d Cir. 1997).

## Analysis

Talley acknowledges that our February 19, 2020 memorandum opinion "speaks of a 'qualified individual with a disability.'"[4] He complains that it "totally fails to define" what that term means.[5] He then sets forth the statutory definition:

> an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity.

42 U.S.C. § 12131(2).

---

[4] Pl.'s Brief in Supp. of Mot. to Alter or Amend J. at 5.

[5] *Id.*

In our memorandum opinion, we observed: "To state a claim under the ADA and the RA, a plaintiff must allege 'that he is a 'qualified individual with a disability' and that he was excluded from a service, program, or activity of a public entity . . . because of his disability."[6] We noted that mental illness, from which Talley suffers, is a disability.[7] We did not include the full definition of a "qualified individual with a disability" because the defendants expressly "d[id] not contest" this element of Talley's claims.[8]

Rather, Talley's claims hinged upon whether he was punished "because of" his disability. Citing the factually similar case of *Scherer v. Pennsylvania Department of Corrections*, we concluded that Talley could not maintain his ADA and RA claims because he alleged in substance that he was disciplined due to his misconduct, not his mental illness.[9] No.3:2004-191, 2007 WL 4111412, at *44 (W.D. Pa. Nov. 6, 2007). Talley responds by citing the magistrate judge's report and recommendation, later adopted by the district court judge, in *Snider v. Motter*, No. 13-1226, 2016 WL 4154927 (M.D. Pa. June 2, 2016), *report and recommendation adopted by* 2016 WL 4140728 (M.D. Pa. Aug. 4, 2016). In that case, the court denied the defendant prison and staff's motion to dismiss the plaintiff inmate's ADA claim because, in its view, they failed to accommodate his mental illness "by punishing him in the same way other non-mentally ill inmates would have been punished" for engaging in disruptive conduct, hitting a door, and failing to wear his name tag. *Snider*, 2016 WL 4154927, at *8.

---

[6] Feb. 19, 2020 Memo. Op. at 9 (ECF No. 31) (quoting *Disability Rights N.J., Inc. v. Comm'r, N.J. Dep't of Human Servs.*, 796 F.3d 293, 301 (3d Cir. 2015)).

[7] *Id.* (citing 29 U.S.C. § 715(9)(A); 42 U.S.C. § 12102(1)(A)).

[8] Defs.' Memo. of Law in Supp. of Mot. to Dism. at 11 (ECF No. 15).

[9] Feb. 19, 2020 Memo. Op. at 10.

Talley apparently believes that it was clear legal error for us to follow *Scherer* rather than *Snider*. But, *Snider* is not controlling. It is not a pronouncement of the Third Circuit Court of Appeals. As such, Talley has failed to set forth the "extraordinary circumstances" warranting reconsideration of our decision. *Blystone*, 664 F.3d at 415. Instead, he merely attempts to relitigate the dismissal of his claims based on a district court case that he has newly discovered, but that existed two and a half years prior to our decision.

Talley also argues that we committed clear legal error by dismissing his complaint without allowing him to amend it.[10] Leave to amend a pleading is freely granted "when justice so requires." *Shane v. Fauver*, 213 F.3d 113, 115-17 (3d Cir. 2000) (quoting FED. R. CIV. P. 15(a)); *Berkshire Fashions, Inc. v. M.V. Hakusan II*, 954 F.2d 874, 886-87 (3d Cir. 1992). A factor considered is futility of the proposed amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1982). Futility means that even after amendment, the complaint would still fail to state a claim. *In re Alpharma Sec. Litig.*, 372 F.3d 137, 153 (3d Cir. 2004) (quoting *In re Burlington Coat Factory*, 114 F.3d 1410, 1434 (3d Cir. 1997)). Thus, leave to amend will be denied where the proffered amendment fails to cure the deficiencies in the earlier complaint. *Winer Family Tr. v. Queen*, 503 F.3d 319, 331-34 (3d Cir. 2007).

Talley does not propose how he would amend his complaint, now or would have then, to overcome the deficiencies. Nor can he. The definition of a "qualified individual with a disability" that he complains we did not address is a non-issue. The defendants conceded and we found that Talley fit the definition. In other words, our decision dismissing his complaint was not based on his not qualifying as disabled.

For these reasons, Talley's motion for reconsideration will be denied.

---

[10] Pl.'s Mot. to Alter or Amend J. at 2.